**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5014**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

MARK WAYNE BALLARD,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.   Martin K.
Reidinger, District Judge. (2:10-cr-00019-MR-DLH-1)

Submitted: July 26, 2012          Decided: August 8, 2012

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Samuel A. Forehand, LAW OFFICE OF SAMUEL A. FOREHAND, P.A.,
Raleigh, North Carolina, for Appellant.   Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Wayne Ballard appeals his sentence of 118 months of imprisonment and a life term of supervised release following his plea of guilty to one count of aggravated sexual abuse within the territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 1153(a), 2241(a) (2006). On appeal, Ballard challenges the propriety of his term of supervised release and its attendant conditions, as well as the district court's order that he reimburse the cost of his court-appointed attorney's fee. The Government concedes that the district court failed to comply with the statutory mandate of 18 U.S.C. § 3006A (2006), and thus erred in imposing on Ballard the obligation to shoulder the cost of counsel. It thus agrees that this court should vacate the relevant portion of the district court's judgment and remand. The Government has moved to dismiss the remainder of Ballard's appeal pursuant to the terms of the waiver of appellate rights contained in Ballard's plea agreement. We grant the Government's motion, dismiss in part, vacate in part, and remand.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408

2

F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, the court fully complied with Fed. R. Crim. P. 11 when accepting Ballard's plea, ensuring that Ballard understood the rights he was relinquishing by pleading guilty and the sentence he faced, that he committed the offense to which he was pleading, and that he was aware of the limits his plea would place on his appellate rights. Given no suggestion to the contrary, we find that Ballard's appellate waiver is valid and enforceable.

Ballard concedes that his appellate claims questioning the district court's reasoning and explanation supporting imposition of his term of supervised release and its attendant conditions fall within the scope of his appellate waiver.

3

Ballard contends, however, that the remainder of his claims, which raise statutory and constitutional challenges to various conditions of supervised release, are excepted from the waiver. For the following reasons, we find Ballard's assertions unavailing.

First, there is no merit to Ballard's argument that various conditions of his supervised release exceed the statutory maximum applicable to 18 U.S.C.A. § 3583(d) (West Supp. 2012), thus rendering his sentence illegal and subject to appeal despite his appellate waiver. See United States v. Nguyen, 618 F.3d 72, 76 (1st Cir. 2010); United States v. Goodson, 544 F.3d 529, 537 (3d Cir. 2008); United States v. Sandoval, 477 F.3d 1204, 1206-09 (10th Cir. 2007); United States v. Andis, 333 F.3d 886, 892-94 (8th Cir. 2003) (en banc). Accordingly, Ballard's claims on appeal asserting an abuse of the district court's discretion under 18 U.S.C. § 3583(d) are dismissed as waived.

Turning to Ballard's claims contesting the substantive constitutionality of various conditions of his supervised release, we have recently reiterated that an appellant's claim that his sentence is "illegal" is not sufficient, on its own, to except his appeal from an otherwise valid appellate waiver. See United States v. Thornsbury, 670 F.3d 532, 537-40 (4th Cir. 2012), petition for cert. filed, __ U.S.L.W. __ (U.S. May 31,

4

2012) (No. 11-10690). Instead, charges of illegality in sentencing that fall outside the scope of an appellate waiver are generally limited to claims that (1) a district court exceeded its authority, (2) a sentence was based on a constitutionally impermissible factor such as race, or (3) a post-plea violation of the right to counsel. See id. at 539-40.

Ballard's allegations of unconstitutionality with respect to certain conditions of his supervised release do not assert any such circumstances. Instead, Ballard was sentenced in exactly the manner to which he agreed; his real dispute is simply with the outcome of that process. United States v. Blick, 408 F.3d 162, 169-73 (4th Cir. 2005). Further, the fact that Ballard did not contemplate the exact terms and conditions that would be imposed as part of his sentence is of no moment to the enforceability or scope of his appellate waiver, and therefore his claims alleging numerous violations of his constitutional rights are properly dismissed as well. Cf. United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005).

Finally, we agree that the district court erred in ordering Ballard to reimburse the cost of his court-appointed attorney without first "finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the

court-appointed attorneys' fees." <u>United States v. Moore</u>, 666 F.3d 313, 322 (4th Cir. 2012); <u>see</u> 18 U.S.C. § 3006A(f) (2006). Accordingly, we vacate the relevant portion of the district court's judgment and remand for reconsideration in light of <u>Moore</u>.

Based on the foregoing, the Government's motion to dismiss is granted, Ballard's appeal of his term of supervised release and its conditions is dismissed, the portion of the district court's judgment directing that Ballard reimburse the cost of his court-appointed attorney is vacated, and we remand for the limited purpose of permitting the district court to reassess whether, in light of <u>Moore</u>, Ballard may be ordered to reimburse the government for the costs of his appointed counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>