**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4746**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WILLIAM H. HARRISON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:15-cr-00121-HEH-1)

Submitted:  May 18, 2016        Decided:  June 8, 2016

Before KING and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Jessica D. Aber, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, William H. Harrison pled guilty to theft of public money, 18 U.S.C. § 641 (2012). Harrison was sentenced to four months in prison, $32,661.76 in restitution, and three years of supervised release. Harrison now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the validity of the sentence but stating that there are no meritorious grounds for relief. Harrison has filed a pro se supplemental brief. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Harrison opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes (1) the defendant knowingly and intelligently waived his right to appeal under the totality of the circumstances, and (2) the issues raised on appeal fall within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. Id. at 400-401; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questions the defendant regarding the waiver of appellate rights during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. Johnson, 410 F.3d at 151.

Harrison's plea agreement provided in relevant part:

> The defendant . . . understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) . . . on any ground

whatsoever, in exchange for the concessions made by the United States. . . .

With respect to the "statutory maximum" mentioned in this provision, the plea agreement stated, "The maximum penalties for this offense are a maximum term of ten years imprisonment, a fine of $250,000, full restitution, a special assessment, and 3 years of supervised release." Additionally, the agreement specified that the amount of statutorily mandated restitution was $32,661.76. In signing the agreement, Harrison acknowledged, "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it."

At the Rule 11 hearing, Harrison assured the court that he understood the maximum penalties he faced to include: ten years in prison; three years of supervised release; and mandatory restitution. Additionally, he responded, "Yes, I do," when asked if he understood "that supervised release means that when you are released from prison, you will have to abide by certain conditions?" Finally, the court specifically inquired whether Harrison understood that restitution was mandatory and that the amount of restitution was $32,661.76. Harrison responded, "Yes, sir."

Harrison advised the court during the hearing that he was 69, had a GED and had taken 60 hours at a community college. He

4

was not under the influence of alcohol or drugs that impaired his ability to understand the Rule 11 proceeding, the criminal information, the plea agreement, or the statement of facts. Harrison stated that he was pleading guilty freely and voluntarily. He was "entirely satisfied" with his attorney's services. Finally, the court inquired about the waiver provision.

We conclude that, under the totality of the circumstances, Harrison knowingly and voluntarily waived his right to appeal both his conviction and sentence.

B

Under Blick, the next question is whether the issues Harrison seeks to raise on appeal fall within the scope of the waiver. Harrison argues that the waiver did not cover restitution, supervised release, or the conditions of release. This claim lacks merit. With respect to restitution, we have held that "an order to pay restitution is a part of a criminal sentence." United States v. Grant, 715 F.3d 552, 554 (4th Cir. 2013). We note additionally that the plea agreement specifically stated that "full restitution" was one penalty for the offense and set forth the amount of restitution required. Finally, at the Rule 11 hearing, Harrison represented that he understood that restitution of $32,661.76 was one of the penalties he faced.

5

Similarly, there is no merit to the claim that the waiver did not encompass supervised release. The plea agreement plainly stated that the maximum penalty to which Harrison was subject included three years of supervised release, and Harrison informed the court that the penalty he faced included three years of supervised release. Finally, "the supervised release term constitutes part of the . . . criminal sentence." United States v. Buchanan, 638 F.3d 448, 455 (4th Cir. 2011). As for the conditions of release, we have joined sister Circuits in holding that challenges to conditions of supervised release fall within the scope of appellate waivers. United States v. Ballard, 491 F. App'x 374, 376 (4th Cir. 2012) (No. 11-5014); see also United States v. Nguyen, 618 F.3d 72, 76 (1st Cir. 2010); United States v. Goodson, 544 F.3d 529, 537 (3d Cir. 2008).

Harrison also contends that the court: failed to consider all the 18 U.S.C. § 3553(a) (2012) factors when imposing sentence; did not adequately explain the sentence; relied improperly on past convictions when imposing sentence; should have varied downward; and did not properly determine the amount of restitution. These sentencing issues clearly fall within the scope of Harrison's waiver.

II

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal.* Accordingly, we grant the motion to dismiss the appeal. This court requires that counsel inform Harrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

* Contrary to Harrison's claim, a defendant has no right to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.